UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Axis Financial Group, Inc. et al., | ) | CASE NO. 1:05 CV 1082 |
| | ) | |
| Plaintiffs, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| I Hire, LLC, et al., | ) | Memorandum of Opinion and Order |
| | ) | |
| Defendants. | ) | |

## Introduction

This matter is before the Court upon plaintiffs' Motion for Remand (Doc. 7). For the following reasons, the motion is GRANTED.

## Facts

Plaintiffs, Axis Financial Group, Inc.; Tower City Title Agency, Inc.; Schalmo Builders; Dun-Rite Construction, Inc.; Gusto; Herbert Palkovitz; Madison, Morgan & Reed, Inc.; American's Choice Title Agency, Inc.- Canton; America's Choice Title Agency, Inc.- Cleveland; Premier Mortgage Funding; Castle Mortgage Corp.; and Raffaela Lanzalaco filed their First Amended Complaint in the Cuyahoga County Common Pleas Court against

1

defendants, I Hire, LLC; I Hire; and Value Asset Leasing, Inc.

Plaintiffs allege that defendants sent unsolicited advertisements to a telephone facsimile machine in violation of the federal Telephone Consumer Protection Act (TCPA). Count One alleges a violation of the TCPA. Count Two alleges a violation of the Ohio Consumer Sales Practices Act.

Defendants removed the case to this Court on the basis of diversity of citizenship. This matter is now before the Court upon plaintiffs' Motion for Remand.

## Standard of Review

Under 28 U.S.C. § 1447(c), cases originally filed in a state court must be remanded if, at any time before trial, it appears that the federal district court to which they were removed lacks subject matter jurisdiction. *Coyne v. The American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) ("[I]n a removed action, upon determination that a federal court lacks jurisdiction, remand to state court is mandatory."). The party seeking removal bears the burden of showing that proper subject matter jurisdiction exists. *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996).

## Discussion

### (1) Timeliness

Defendants argue that plaintiffs' Motion for Remand is untimely because it was filed 32 days after the filing of the Notice of Removal. Defendants' assertion is erroneous. The removal statute provides in part:

> A motion to remand the case *on the basis of any defect other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

2

28 U.S.C. § 1447(c)(emphasis added). Plaintiffs' motion is based on lack of subject matter jurisdiction.

### (2) Jurisdiction

Plaintiffs argue that remand is necessary because the TCPA confers exclusive jurisdiction on state courts over private causes of action brought under the TCPA. Defendants do not dispute that there is no federal question jurisdiction over such claims but argue that this Court may exercise diversity jurisdiction over TCPA claims originating in state court.

For the following reasons, while the Court agrees that the issue of federal question jurisdiction is well-settled, it likewise declines to exercise jurisdiction based on diversity of citizenship.

The TCPA, enacted in1991, provides in relevant part, "It shall be unlawful for any person within the United States ... to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine." 47 U.S.C. § 227(b)(1)(C). The TCPA creates a private right of action to obtain an injunction, 47 U.S.C. § 227(b)(3)(A), and to recover the actual monetary damages or $500, whichever is greater. 47 U.S.C. § 227(b)(3)(B). If the court finds that the defendant "willfully or knowingly" violated the TCPA, it may treble the damage award. 47 U.S.C. § 227(b)(3). In creating a private right of action, the TCPA authorizes a plaintiff to file suit "if otherwise permitted by the laws or rules of court of a State ... in an appropriate court of that State." 47 U.S.C. § 227(b)(3).

It is now well-settled that the states have been given, subject to their consent,

3

exclusive subject matter jurisdiction over private actions[1] authorized by the TCPA and

Congress did not intend to grant jurisdiction over TCPA claims in federal district courts.

*International Science & Technology Institute, Inc. v. Inacom Communications, Inc.*, 106 F.3d

1146 (4th Cir. 1997) ("Congress did not intend to confer concurrent jurisdiction in federal

district courts over private civil actions for unsolicited advertisements via facsimile machine

under TCPA when it provided that private civil actions 'may' be brought in appropriate courts

of states."), *Chair King, Inc. v. Houston Cellular Corp.*, 131 F.3d 507 (5th Cir. 1997)

("[F]ederal courts lack subject matter jurisdiction over private actions under the TCPA."),

*Erienet, Inc. v. Velocity Net, Inc.*, 156 F.3d 513 (3rd Cir. 1998) ("TCPA [does] not provide for

private suits in federal court."), *Foxhall Realty Law Offices v. Telecommunications Premium

Services, LTD.*, 156 F.3d 432 (2nd Cir. 1998) ("...we too reach the somewhat unusual

conclusion that state courts have exclusive jurisdiction over a cause of action created by a

federal statute, the [TCPA].") and *Murphey v. Lanier*, 204 F.3d 911 (9th Cir. 2000) ("[T]here

is no private cause of action in federal court under the TCPA.") Judge Lesley Wells has

reached the same conclusion in this district. *Compoli v. AVT Corp.*, 116 F.Supp.2d 926

(N.D.Ohio 2000) and *Dun-Rite Construction v. Amazing Tickets, Inc.*, No. 1:03 CV 2310

(January 16, 2004). In the latter case, the Sixth Circuit reviewed the district court's grant of

attorney's fees and stated that defendant had no arguable basis for removal based on federal

question jurisdiction given the well-settled law that the state courts have exclusive

jurisdiction over private rights of action under the TCPA.

---

[1]     The TCPA confers exclusive federal jurisdiction over actions by states attorneys
general. 47 U.S.C. § 227(f)(2).

4

None of these courts addressed whether TCPA claims could be heard in federal court pursuant to diversity jurisdiction. Thus, notwithstanding the settled nature of federal question jurisdiction, the issue of whether courts may exercise diversity jurisdiction over TCPA claims is not so defined. Defendants argue that the TCPA does not prohibit diversity jurisdiction. For the following reasons, this Court disagrees.

Defendants rely on *Kinder v. Citibank,* 2000 WL 1409762 (S.D. Cal. Sept. 14, 2000) and *Accounting Outsourcing, LLC v. Verizon Wireless Personal Communications, LP,* 294 F.Supp.2d 834 (M.D. La. 2003). In *Kinder,* the Southern District of California determined that while the TCPA provides no basis for federal jurisdiction, nothing in the TCPA precludes federal courts from hearing TCPA claims where the parties have met the requirements for diversity of citizenship jurisdiction. In *Accounting Outsourcing,* the Middle District of Louisiana likewise concluded that federal courts are not precluded from hearing TCPA claims when the parties are diverse and noted that "neither the text nor legislative history of the TCPA suggests any reason at all for eliminating federal jurisdiction when the parties are diverse." *Id.* at 839.

More recently, however, the Eastern District of New York determined that there is no federal jurisdiction based on diversity of citizenship. *Gottlieb v. Carnival Corporation,* 367 F.Supp.2d 301 (E.D.N.Y. 2005). The Court agrees with the reasoning of *Gottlieb* and finds it more persuasive than *Kinder* or *Accounting Outsourcing.*

In *Gottlieb,* plaintiff brought an action in federal court alleging that defendant sent him unsolicited facsimiles in violation of the TCPA. Plaintiff asserted diversity jurisdiction. The defendant moved to dismiss for lack of subject matter jurisdiction. The court agreed that

dismissal of the TCPA claim was warranted, finding that "the statute and its legislative history lead to the conclusion that jurisdiction over TCPA claims resides in the state courts exclusively." *Id.* at 307. The court stated,

> A concise statement of the reason for the enactment of 47 U.S.C. § 227(b)(1)(C) which bespeaks that conclusion is found in the Legislative History of Senate Report No. 102-178 to the effect that 'Federal action is necessary because States do not have the jurisdiction to protect their citizens against those who use these machines to place interstate telephone calls.' S.Rep. No. 102-178, at 5 (1991). In the 'Background and Need for the Legislation' section of the House of Representatives Report, H.R. Rep. 102-317, the reason for the legislation is similarly expressed as follows. 'Many States have passed laws that seek to regulate telemarketing through various time, place and manner restrictions.... However, telemarketers can easily avoid the restrictions of State law, simply by locating their phone centers out of state.' H.R.Rep. No. 102-317, at 9-10 (1991), U.S.Code Cong. & Admin.News 1991, p. 1968. The inference is reasonable if not irresistible that aiming as it was at the interstate transmission of unwanted fax transmissions, and at 'telemarketers who locate their phone centers out of state,' Congress was necessarily mindful of transmissions conceived in one state and landed, unwanted, in another and the diversity of jurisdiction that followed in its wake.

*Id.* at 307.

It is likely that many of the activities at which the TCPA is aimed originate across one state's lines and into another's. Given the undisputed conclusion by the courts of appeals that the TCPA provided for exclusive state court jurisdiction of private actions for unsolicited advertisements via facsimile machines, it would be nonsensical to conclude that a defendant could so easily avoid that jurisdiction by targeting its facsimiles out of state. As the *Gottlieb* court recognized, "Congress intended a rule of demarcation between the jurisdiction of the federal and state courts should apply and it did, undoubtedly, say so." *Id.* at 308. The court concluded that the courts of appeals which found no federal question jurisdiction, while not presented the issue of diversity, intended that jurisdiction be exclusive to the state courts:

> When, in *Foxhall,* [*supra*] the Court held that state courts have exclusive jurisdiction over a cause of action created by the TCPA, and in *ErieNet,* [*supra*] that Congress

6

intended to withhold jurisdiction over suits in federal court, and in *Int'l Science*, [*supra*] that Congress intended to authorize private enforcement of the TCPA exclusively in state courts, it must be assumed that it used its words carefully and advisedly. Being conscious of the admonition against making a fortress out of the dictionary, the word 'exclusively' requires no definition. To conclude that when courts of appeal used the word 'exclusively' to mean it does not apply to diversity jurisdiction is to conclude that 'exclusively' means 'exclusively' except when it does not...

*Id.* at 309. This Court agrees with and is persuaded by this reasoning. Because the Court finds that jurisdiction in this matter is exclusive in the state courts, the matter must be remanded. [2]

### (3) Fees and sanctions

Plaintiffs seek attorney's fees based on defendants' "unjustified, unlawful and frivolous" removal. (Doc. 7 at 6). Plaintiffs base their request on the well-settled nature of federal question jurisdiction. Defendants, however, removed on the basis of diversity of citizenship which, as discussed above, is not so well-settled. Therefore, there was an arguable basis for removal and fees are not warranted.

Defendants' request for sanctions is similarly denied.

### Conclusion

For the foregoing reasons, plaintiffs' Motion for Remand is granted.

---

[2]  Count Two of the First Amended Complaint alleges that defendants' noncompliance with the TCPA constitutes a violation of the Ohio Consumer Sales Practices Act. Neither party addresses the exercise of jurisdiction over this seemingly state law claim. Nevertheless, because the Court does not have jurisdiction over Count One, remand is necessary.

IT IS SO ORDERED.

PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE